UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Manuel Smith, III,

    Plaintiff,

 vs.            REPORT AND RECOMMENDATION

Saint Paul College,
Minneapolis Community &
Technical College, Century
College, Anoka Ramsey
Community &Technical
College (Coon Rapids), and
Central Lakes College
(Brainerd Campus),

    Defendants.    Civ. No. 09-346 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, any of the named Defendants. For reasons which follow, we

recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed.

The Plaintiff commenced this action on February 12, 2009, by filing his IFP Application, together with a self-styled, three (3) page Civil Complaint. We found the Plaintiff's original Complaint to be deficient, for several reasons. Most notably, the Plaintiff did not comply with the basic pleading requirements that are prescribed by Rules 8 through 11, Federal Rules of Civil Procedure, and he did not clearly explain the factual and legal bases for his lawsuit. Moreover, he failed to demonstrate that his suit was not barred by the Eleventh Amendment, which generally immunizes States, and their agencies, from suit in Federal Court. Therefore, by Order dated March 5, 2009, we informed the Plaintiff that he would be required to file an Amended Complaint, by no later than April 10, 2009, and that a ruling on his IFP Application would be deferred until that date. See, Docket No. 6, at 7.

Our Order further advised the Plaintiff that, if he elected to file an Amended Complaint, his new pleading would have to cure the defects found in the original Complaint. The Plaintiff was expressly told that his Amended Complaint must: 1) satisfy the basic pleading requirements of Rules 8 through 11, Federal Rules of Civil Procedure; 2) clearly identify each individual Defendant that the Plaintiff is attempting

to sue; 3) provide a clear and concise explanation of the factual and legal grounds on which the claims against each individual Defendant are based; 4) identify some proposed legal basis to set aside the State's Eleventh Amendment immunity; and 5) demonstrate some tie which joins the proposed Defendants in a single law suit. Id. at 5-6.

On March 27, 2009, pursuant to our Order, the Plaintiff filed an Amended Complaint. See, Docket No. 7. However, the Plaintiff has failed to cure the defects identified in our prior Order. We specifically note that: 1) the Amended Complaint does not comply with the elemental pleading requirements prescribed by Rules 8 through 11, Federal Rules of Civil Procedure;[1] 2) the Amended Complaint does not clearly identify each individual Defendant that the Plaintiff is attempting to sue; 3) the Amended Complaint does not include a simple and comprehensible explanation of the basic historical facts on which the Plaintiff's claims are based; 4) the Amended Complaint does not address the Defendants' apparent immunity pursuant to the Eleventh Amendment; and 5) the Amended Complaint does not show any common

---

[1] The Amended Complaint does not even have a complete caption that clearly identifies all of the intended Defendants, as required by Rule 10(a), Federal Rules of Civil Procedure, which was one of the flaws in the original Complaint that were explicitly identified in our prior Order. See, Docket No.6, at 2.

connection between the Defendants, which would permit the Plaintiff to sue them in one single Complaint.

In sum, the Plaintiff's Amended Complaint is as deficient as his initial pleading. Indeed, it appears that the Plaintiff has not made the necessary effort to correct the various pleading defects which were brought to his attention, and which he was instructed to correct. Once again, we conclude that the Plaintiff has failed to plead an actionable claim for relief. Therefore, we recommend that the Plaintiff's IFP Application be denied as moot, and that this action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii). See, Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(Section 1915(e)(2)(B)(ii) authorizes District Courts to summarily dismiss actions filed by IFP applicants who have failed to plead an actionable claim); see also, Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000)("Under section 1915(e)(2) (B)(ii), a District Court shall dismiss a complaint filed in forma pauperis 'at any time if * * * the action * * * fails to state a claim on which relief may be granted.'").[2]

---

[2]The Plaintiff recently filed a document entitled "Memorandum," which is, for the most part, incomprehensible. See, Docket No. 9. The Plaintiff's Memorandum alludes to a "Second Amended Complaint," and might, conceivably, be viewed as a request for leave to amend. However, even if the Plaintiff is requested such leave, we recommend that his request be denied.

(continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).


Dated: April 27, 2009                    *s/Raymond L. Erickson*
                                         Raymond L. Erickson
                                         CHIEF U.S. MAGISTRATE JUDGE
                    **N O T I C E**

---

[2](...continued)
First, the Plaintiff has not complied with Local Rule 15.1, which requires that "[a] party who moves to amend a pleading shall file such motion **and attach a copy of the amended pleading to the motion**." [Emphasis added]. The Plaintiff has not complied with that Rule, because he has not filed an identifiable Motion to Amend, and because he has not submitted a copy of any proposed amended pleading. In addition, given the gross inadequacy of the Plaintiff's pleading efforts to date, we are now satisfied that it would be futile for the Plaintiff to submit another pleading. See, United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009)("Futility is a valid basis for denying leave to amend."); In re Cerner Corp. Securities Litigation, 425 F.3d 1079, 1086 (8th Cir. 2005)("Nevertheless, futility is a valid reason for denial of a motion to amend."), citing In re K-tel Inter., Securities Litigation, 300 F.3d 881, 889 (8th Cir. 2002); United States ex rel. Lee v. Fairview Health System, 413 F.3d 748, 749 (8th Cir. 2005). Therefore, even if the Plaintiff's Memorandum could be considered a Motion to Amend, we would recommend that such a Motion be denied.

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 14, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 14, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.